## Carnagie *v.* Penn Bridge Company.

*Negligence—Fellow-servant—Risk of employment—Master and servant.*

In an action by an employee against his employer, a bridge company, to recover damages for personal injuries, a nonsuit is properly entered where it appears that at the time of the accident and for several days prior thereto, plaintiff was engaged with other workmen in taking down braces or bents which constituted the false work of a bridge; that this was done by a workman standing on one bent and removing the bolts from the next bent; that plaintiff had loosened a bent, and had tried to push it off, but being unable to do so, the boss ordered him to sit down and push it off with his feet; that he did so, when it " kicked up " and struck the bent upon which he was sitting, knocking it down and injuring him severely; that plaintiff had been instructed in the work, and that the appliances were in proper condition, and such as were in common and general use in the business.

Argued Oct. 15, 1900. Appeal, No. 69, Oct. T., 1900, by plaintiff, from order of C. P. Beaver Co., Dec. T., 1897, No. 8, refusing to take off nonsuit in case of Henry A. Carnagie v. Penn Bridge Company. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before WALLACE P. J., specially presiding.

At the trial it appeared that the plaintiff, Henry A. Carnagie, was injured on November 19, 1896, while in the employment of the defendant, in removing the false work of a bridge over the Ohio river. The false work consisted of braces or bents bolted together. The plaintiff had instructions in the work in which he had been engaged for several days, and there was no evidence that the appliances were not in proper condition, and such as were in common and general use in the business. The method of removing the bents was for a workman to go to the top of one bent and remove the bolts from the next adjoining bent. The particular bent which caused the accident had been loosened by plaintiff and a pulley rope had been attached to it. The bent was to be laid on the ground. The bent, however, stuck, when the boss of the gang ordered the plaintiff to push it off. This he was unable to do, and then the boss told him to sit down and put his feet against it. He did this and shoved it off.

Then, as many of the witnesses explained, it "kicked up at the bottom" and struck the bent upon which Carnagie was sitting and knocked it down, injuring him severely.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Richard S. Holt*, with him *James H. Cunningham*, for appellant.

*Stone & Stone, Dan H. Stone, J. R. Martin* and *J. C. Martin*, for appellee, were not heard.

PER CURIAM, October 31, 1900:

In this case the court below on the defendant's motion entered a compulsory nonsuit. It was followed by the plaintiff's motion to take it off, which motion upon due consideration was discharged. In this action of the court we find no error. There was no evidence to support a charge of negligence against the defendant, and if there was any negligence in the case, it was that of the plaintiff or his coemployee.

Judgment affirmed.